**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                   Case No. 8:03-cr-77-T-30TBM

**SAMI AMIN AL-ARIAN,** *et al.*
_____

### ORDER

This cause came on for consideration upon Defendant Ballut's Motion in Limine to Exclude Hearsay Statements by Suliman Odeh (Dkt. #1146) and the Government's response thereto (Dkt. #1151). Defendant Ballut argues that the Government should be prohibited from introducing into evidence a statement made by alleged co-conspirator Suliman Odeh introducing Defendant Ballut as the "Islamic Committee of Palestine representative in the city of Chicago" to a large audience of conference attendees. According to Defendant Ballut, this statement is inadmissible hearsay. The Government contends that the statements are admissible under two hearsay exceptions: adoptive admissions and co-conspirator statements.

This Court addressed Defendant's Motion on June 6, 2005, prior to the start of opening statements. After the parties presented their respective arguments, this Court orally denied Defendant Ballut's Motion and permitted the Government to make reference to Mr. Odeh's statements during its opening statement. This Order outlines the Court's reasoning for denying the Motion.

Hearsay is defined in Fed. R. Evid. 801(c) as an out of court statement offered into evidence to prove the truth of the matter asserted, and is generally inadmissible at trial. Fed.

R. Evid. 802.  There are several exceptions to this general rule set forth in Fed. R. Evid. 801(d).  Included among these exceptions are statements that have been adopted by a defendant and statements made by a co-conspirator "during the course of and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(B) & (E).

Undoubtedly, Mr. Odeh's statement is being offered by the Government to prove that Defendant Ballut was a member of the ICP.  This statement does not constitute inadmissible hearsay, however, because Defendant Ballut manifested an adoption of Mr. Odeh's statement through his own words.  After Mr. Odeh's introduction of Defendant Ballut as the Chicago Representative for the Islamic Committee of Palestine, Defendant Ballut welcomed the conference attendees "on behalf of the Islamic Committee of Palestine in Chicago." Defendant Ballut affirmed Mr. Odeh's introductory statement a second time when he concluded his remarks to the audience by offering thanks to various individuals "on behalf of the Islamic Committee of Palestine in Chicago."  These remarks constitute an adoption of Mr. Odeh's statement.

Additionally, because the Government proffered evidence that both Mr. Odeh and Defendant Ballut were members of the same conspiracy by the time of the conference, Mr. Odeh's statements are also admissible under the co-conspirator hearsay exception. Defendant Ballut's argument that these statements were not made "during the course of and in furtherance of the conspiracy" is belied by the Government's allegations that the conspirators raised money at this conference to further the conspiracy's objectives. Accordingly, Mr. Odeh's statement does not constitute inadmissible hearsay, and the

Government should not be precluded from referring to it during its opening remarks to the jury or introducing it into evidence at trial.

It is therefore ORDERED and ADJUDGED that Defendant Ballut's Motion in Limine to Exclude Hearsay Statements by Suliman Odeh (Dkt. #1146) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2003\AL-ARIAN\03-cr-77 Motn Limine Odeh Hearsay .wpd